UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIA VIZZACCARO,

    Plaintiff,

v.

BOB'S DISCOUNT
FURNITURE, LLC,

    Defendant.

Case No. 20-12985
Honorable Shalina D. Kumar
Magistrate Judge Kimberly G. Altman

**ORDER GRANTING DEFENDANT'S MOTION TO ENFORCE
SETTLEMENT AGREEMENT (ECF NO. 27)**

I.    **INTRODUCTION**

Plaintiff Maria Vizzaccaro, who is proceeding *pro se*, sued her former employer, defendant Bob's Discount Furniture, LLC for wrongful termination, claiming discrimination on the basis of race and gender, and retaliation in violation of Title VII of the Civil Rights Act of 1964 and Michigan's Elliott-Larsen Civil Rights Act (ELCRA). ECF No. 1. Vizzaccaro's former counsel, Jeffrey Burg, and Bob's Furniture's counsel agreed to settlement terms, but Vizzaccaro refused to sign the finalized settlement agreement triggering Bob's Furniture to file this motion to

enforce settlement agreement. ECF No. 27. Mr. Burg filed a response opposing the motion on behalf of Vizzaccaro and Bob's Furniture replied. ECF Nos. 31, 32.[1] After the withdrawal of her counsel, Vizzaccaro also filed a response to Bob's Furniture's motion. ECF No. 45. The Court issued a notice that the motion would be determined without oral argument. ECF No. 46.

## II. FACTUAL BACKGROUND

According to Bob's Furniture, and corroborated by Mr. Burg, counsel for the parties engaged in settlement discussions that culminated in Bob's Furniture accepting Burg's conveyance of Vizzaccaro's final demand on February 17, 2022. Counsel for Bob's Furniture sent an email at 6:45 p.m. that evening confirming that the parties had agreed to settle Vizziccaro's

---

[1] Vizzaccaro's former counsel also filed a motion to correct the record to reflect that the transcript of his voicemail message to Bob's Furniture's counsel contained an error suggesting that he said he **didn't** have his client's authority to settle when the recording clearly transmits him saying that he **did** have her authority. ECF No. 33. Bob's Furniture filed a response to this motion arguing that it strengthened its motion to enforce settlement because Vizzaccaro's counsel had actual authority not merely apparent authority. ECF No. 35.

action against Bob's Furniture. ECF No. 28-1.[2] Counsel for Bob's Furniture drafted a settlement agreement, which they delivered to Burg for review on February 22, 2022. ECF No. 28-2. Burg requested minor changes to the written agreement that same day—the date Vizzaccaro last worked for Bob's Furniture for purposes of the settlement agreement; an affirmation that Vizzaccaro made no additional claims against Bob's Furniture other than those in her complaint; the timing for payment of settlement proceeds; and identification of Vizzaccaro's fiancé as exempt from the confidentiality provision of the agreement. The following day, Bob's Furniture's counsel offered language to address Vizzaccaro's concerns and Burg agreed that the language was acceptable and should be incorporated into the written agreement. ECF No. 28-3. On February 24, 2022, counsel contacted the Court's case manager to report that the parties had agreed to settle the case. ECF No. 27, PageID.322; see also, ECF No. 31.

On February 25, 2022, Burg supplied some additional details necessary to finalize the written settlement agreement and counsel for

---

[2] The exhibits filed as ECF No. 28 are filed under seal. *See* Text-Only Order granting amended motion to file exhibits under seal, ECF No. 25.

Bob's Furniture sent a finalized document to Burg for Vizzaccaro's signature and a stipulated order for Burg's signature within the same week. ECF Nos. 28-5; ECF No. 28-6. On March 8, 2022, Burg contacted counsel for Bob's Furniture to request a modification of the allocation of settlement funds, and Bob's Furniture's counsel invited Burg to propose language to effectuate that modification. ECF No. 27-9. When Bob's Furniture's counsel did not receive proposed language from Burg, they drafted language sent to Burg via email on March 16, 2022. ECF No. 28-6.

The following day, Burg left Bob's Furniture's counsel a voicemail in which he informed them that his client now refused to sign the settlement agreement. ECF No. 27-12. Burg acknowledged it was not because of the agreement's language but because she was unhappy with the amount. *Id*. Burg told Bob's Furniture's counsel that he did have authority from Vizzaccaro to settle for the agreed-upon amount and apologized for the "failure in the process." *Id*.; ECF No. 33.

Bob's Furniture filed this motion to enforce the settlement agreement and Burg responded in opposition on behalf of Vizzaccaro but acknowledged that the facts set forth in Bob's Furniture's motion were

"largely accurate." ECF No. 31, PageID.468. Burg subsequently moved to withdraw from his representation of Vizzaccaro, who now proceeds *pro se*. ECF No. 40. Vizzaccaro filed an additional response to Bob's Furniture's motion to enforce settlement agreement, arguing that Burg failed to zealously prosecute her discrimination case against Bob's Furniture. ECF No. 45.

### III.   DISCUSSION

A federal court has the power to enforce a settlement agreement for a matter pending before it, even if that agreement has not been reduced to writing. *Therma-Scan, Inc. v. Thermoscan, Inc.*, 217 F.3d 414, 419 (6th Cir. 2000). "Before enforcing settlement, the district court must conclude that agreement has been reached on all material terms. The court must enforce the settlement as agreed to by the parties and is not permitted to alter the terms of the agreement." *Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir. 1988) (internal citations omitted). Issues regarding the formation and enforceability of settlement agreements are governed by state contract law. *Universal Settlements Int'l, Inc. v. Nat'l Viatical, Inc.*, 568 F. App'x 398, 401 n.2 (6th Cir. 2014); *Bamerilease Capital Corp. v. Nearburg*, 958 F.2d 150,

152 (6th Cir. 1992). In Michigan, "[b]efore a contract can be completed, there must be an offer and acceptance. Unless an acceptance is unambiguous and in strict conformance with the offer, no contract is formed. Further, a contract requires mutual assent or a meeting of the minds on all the essential terms." *Kloian v. Domino's Pizza, LLC*, 733 N.W.2d 766 (Mich. 2006) (internal citations and quotation marks omitted).

Here, Burg, on behalf of Vizzaccaro, made a settlement offer which counsel for Bob's Furniture accepted. ECF No. 28-1. A written settlement agreement was drafted and exchanged. ECF No. 28-2. The parties negotiated and reached agreement on contested provisions of the draft agreement. ECF No. 28-4, PageID.436-37; ECF No. 28-5. Vizzaccaro supplied the name of her fiancé to be listed as exempted from the confidentiality provision. *Id*. at PageID.435. Bob's Furniture acceded to Vizzaccaro's final requested change and the written settlement was finalized for signature. ECF No. 28-5. Accordingly, there existed an offer

and acceptance, and mutual assent, or a meeting of the minds, on all the essential terms[3] sufficient to form an enforceable contract.

Vizzaccarro does not directly dispute any of the elements of formation. Nor does the Court find among her myriad complaints against Burg, a specific assertion that he acted without her authority to settle the case against Bob's. *See* ECF No. 45. But, even if Vizzaccaro had not given Burg actual authority to settle her case, the settlement agreement would be enforceable.

Attorneys hired and held out as counsel representing a party in a litigation matter have apparent authority to settle the claims associated with the matter. *Graley v. Yellow Freight System, Inc.*, 221 F.3d 1334, 2000 WL 799779, at *7 (6th Cir. 2000) (citing *Capital Dredge & Dock Corp., v. City of Detroit*, 800 F.2d 525, 530 (6th Cir. 1986)). A party may justifiably rely on the apparent authority of the opposing party's attorney unless there is a reason to believe that the attorney has no authority to negotiate a

---

[3] The Court agrees that the change proposed by Vizzaccaro after the settlement agreement had been fully negotiated was not an essential term. Moreover, Bob's Furniture agreed to Vizzaccaro's proposed change and revised the settlement agreement accordingly. ECF No. 28-6.

settlement. *Capital Dredge*, 800 F.2d at 530-31. As the court noted in *Capital Dredge*, "even if the attorney was acting contrary to the client's express instruction…the client's remedy is to sue [the] attorney for professional malpractice[,]" not to renege on the otherwise valid settlement agreement. *Id.* at 530. Mr. Burg appeared on Vizzaccaro's behalf from the initiation of the lawsuit until this controversy erupted over the settlement agreement. Under these circumstances, Bob's Furniture would have no reason to believe that Burg had no authority to negotiate a settlement. *See Graley*, 2000 WL 799779, at *7.

As Mr. Burg admitted in the voicemail he left for Bob's Furniture's counsel, Vizzaccaro became unhappy with the amount of the settlement despite authorizing Burg to settle for that amount. ECF Nos. 27-12, 33, 33-1. Vizzaccaro's change of heart does not prevent this Court from enforcing the otherwise valid settlement agreement. *See Metropolitan Life Ins. Co. v. Goolsby*, 418 N.W.2d 700, 701 (Mich. Ct. App. 1987) ("[S]ettlement agreements should not normally be set aside and…a party cannot disavow [a settlement agreement] merely because he has had a 'change of heart.'");

*see also Michigan Reg'l Council of Carpenters v. New Century Bancorp, Inc.*, 99 F. App'x 15, 23 (6th Cir. 2004).

## IV. CONCLUSION

For the reasons discussed, Bob's Furniture's motion to enforce settlement agreement (ECF No. 27) is **GRANTED**. Vizzaccaro's complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE**.

Dated: March 7, 2023

<u>s/Shalina D. Kumar</u>
SHALINA D. KUMAR
United States District Judge